UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARBARA CERANEK,**

    Plaintiff,

vs.                                                Case No.:

**UNITED AIRLINES, INC.,**
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, BARBARA CERANEK, by and through her undersigned counsel, sues the Defendant, UNITED AIRLINES, INC., a Foreign Profit Corporation, hereinafter referred to as "Defendant" or "UNITED," and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367, and the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. § 621, *et seq*.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, BARBARA CERANEK, is a resident of Odessa, Pasco County, Florida.

4. Defendant, UNITED, is a Foreign Profit Corporation, authorized to and conducting business in the State of Florida.

5. Defendant, UNITED, is an employer as defined by the laws under which this action

is brought and employ the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff, Barbara Ceranek, timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR) on or about January 30, 2020 and a supplemental charge on June 5, 2020.

8. More than 60 days has passed since the filing of her charge.

9. On or around, July 27, 2020, the EEOC issued Plaintiff a Right to Sue Notice.

## GENERAL ALLEGATIONS

10. At all times material herein, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

11. At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

12. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

13. Plaintiff, BARBARA CERANEK, is 64 years old and thus a member of class of employees protected by the ADEA and FCRA.

14. On or about August 16, 1990, Plaintiff began working for Defendant.

15. For nearly thirty years, Plaintiff excelled at her job with Defendant.

16. Most recently, Plaintiff worked from home as a part-time International Customer Service Agent.

17. In or around November 2018, Plaintiff began reporting to Cindy Hamburg, Remote

Reservation Sales Supervisor. Ms. Hamburg is substantially younger than Plaintiff and upon information and belief, is in her forties.

18. Immediately, Ms. Hamburg began repeatedly asking Plaintiff how old she was, when she was going to retire, and commented that Plaintiff was going to die on the computer taking calls.

19. In addition, Ms. Hamburg threatened Plaintiff by saying "if you don't retire on your own, I will fire you sooner or later."

20. Ms. Hamburg also asked Plaintiff "aren't you too old to do this job?"

21. On or about June 4, 2019, Ms. Hamburg and Union Representative Anthony Cotoia called Plaintiff on the telephone.

22. Ms. Hamburg proceeded to tell Plaintiff that she had two (2) hours to decide if she wanted to retire or be terminated.

23. Shocked at what Ms. Hamburg had just told her, Plaintiff questioned Ms. Hamburg about her decision and indicated that she was unaware of having any write ups justifying termination. Moreover, Plaintiff had perfect attendance for the last 15 years.

24. Ms. Hamburg became upset and told Plaintiff that she had two (2) minutes to make her decision.

25. Ms. Hamburg then retracted the retirement offer and told Plaintiff to continue working and to expect to receive a letter. A short time later, Plaintiff received a letter to attend a meeting on August 19, 2019.

26. On or about August 11, 2019, Plaintiff submitted an official harassment complaint against Ms. Hamburg to Mike Kempner (Director of Contact Center) and to Monique Morris (Ethics and Compliance Office).

27. On or about August 19, 2019, Plaintiff attended a meeting with Ms. Hamburg, Mr. Cotoia and a Human Resources Representative.

28. Defendant refused to provide any documentation to Plaintiff justifying her termination.

29. At the meeting, Plaintiff became visibly emotional, asked for justification, and plead for her job. Nonetheless, Ms. Hamburg delivered on her initial promise and recommended Plaintiff's termination.

30. On August 26, 2019, Plaintiff received a letter from Ms. Rosen, Senior Manager, terminating her employment.

31. On September 3, 2019, Plaintiff filed a grievance with her Union.

32. On September 4, 2019, Ms. Rosen retracted Plaintiff's termination and to destroy the termination letter.

33. On September 9, 2019, Union Rep. Mr. Cotoia informed Plaintiff that Ms. Hamburg had terminated her employment.

34. On September 10, 2019, Plaintiff received a second termination letter, terminating her after nearly thirty years of dedicated service to Defendant.

35. After her termination, Plaintiff filed Union grievances challenging her termination. While the Union was optimistic about Plaintiff's reinstatement, discussions with Defendant ceased in retaliation for filing her EEOC charge.

## COUNT I
## AGE DISCRIMINATION PURSUANT TO
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA")

36. Plaintiff realleges and adopts, as if set out in full hereafter, the allegations contained in Paragraphs 1 through 35 above.

37. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. § 621, et seq.

38. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the ADEA and the Older Workers Benefit Protections Act ("OWBPA") by not being given 21-days to consider Defendant's retirement offer.

39. Defendant knew, or should have known, of this discrimination.

40. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE,** Plaintiff, BARBARA CERANEK, prays for a judgment against the Defendant, UNITED AIRLINES, INC., and the following relief:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Any other damages allowable at law;

    f. Injunctive relief;

    g. Reinstatement;

    h. Attorney's fees and costs; and

    i. For any other relief this Court deems just and equitable.

## COUNT II
## RETALIATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

41. Plaintiff realleges and adopt, as if set out in full hereafter, the allegations contained

in Paragraphs 1 through 35 above.

42. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Age Discrimination in Employment Act and for filing charges of discrimination with the EEOC/FCHR.

43. Plaintiff was also retaliated against for requesting time to consider Defendant's retirement offer in violation of the ADEA and Older Workers Benefit Protection Act ("OWBPA").

44. The above described acts of retaliation constitute a violation of The Age Discrimination in Employment Act for which Defendant is liable.

45. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, BARBARA CERANEK, pray for the following damages against Defendant, UNITED AIRLINES, INC.:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Any other damages allowable at law;

    f.    Injunctive relief;

    g.    Reinstatement;

    h.    Attorney's fees and costs; and

    i.    For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

46. Plaintiff realleges and adopt, as if set out in full hereafter, the allegations contained

in Paragraphs 1 through 35 above.

47. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

48. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of age in violation of the Florida Civil Rights Act, Florida Statutes Chapter 760.

49. Defendant knew, or should have known of the discrimination.

50. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, BARBARA CERANEK, prays for the following damages against Defendant, UNITED AIRLINES, INC.:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. Punitive damages;

    f. For costs and attorney's fees;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

51. Plaintiff realleges and adopt, as if set out in full hereafter, the allegations contained in Paragraphs 1 through 35 above.

52. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff opposed age

discrimination in the workplace.

53. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

54. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, BARBARA CERANEK, prays for the following damages against Defendant, UNITED AIRLINES, INC.:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorney=s fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

55. Plaintiff requests a jury trial for all issues so triable.

**DATED** this 29th day of September, 2020.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/ Miguel Bouzas*
        **MIGUEL BOUZAS, ESQUIRE**
        Florida Bar No.: 48943
        Primary:     miguel@fgbolaw.com
        Secondary:   gina@fgbolaw.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        wolfgang@fgbolaw.com

16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*